IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUE MARCELLA HAMBY,

    Petitioner,                 No. CIV S-97-0164 LKK DAD P

    vs.

TINA FARMON,

    Respondent.

_____/

ROBERT M. FENENBOCK,          No. CIV S-97-1731 LKK DAD P

    Petitioner,

    vs.

DIRECTOR OF DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.

_____/

CHERRI LYNN FRAZIER,           No. CIV S-97-2196 LKK DAD P

    Petitioner,

    vs.

TINA FARMON,

    Respondent.

_____/

1

| | | |
|---|---|---|
| 1 | ROBERT LOREN BOND, | No. CIV S-99-2150 LKK DAD P |
| 2 | Petitioner, | |
| 3 | vs. | |
| 4 | RICHARD A. RIMMER, et al., | |
| 5 | Respondents. | |
| 6 | _____/ | |
| 7 | BERNARD LEROY MACCARLIE, | No. CIV S-00-1830 LKK DAD P |
| 8 | Petitioner, | |
| 9 | vs. | |
| 10 | GAIL LEWIS, et al., | |
| 11 | Respondents. | ORDER |
| 12 | _____/ | |

On July 9, 2007, this court adopted the findings and recommendations of the magistrate judge filed September 11, 2006 recommending that respondents' motions to dismiss be granted with petitioner's being granted leave to file amended petitions. On July 16, 2007, petitioners filed a joint motion for reconsideration and a request for oral argument on both the motion for reconsideration and the magistrate judge's findings and recommendations. On August 1, 2007, respondents filed an opposition.

Petitioners argue that the magistrate judge erred in his analysis of the equitable tolling and relation back issues presented by the motions to dismiss. Respondents argue that petitioners' motion for reconsideration is nothing more than a rehash of selected arguments that both the magistrate judge and this court have considered.

A request for reconsideration is directed to the sound discretion of the court. See Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981). A party seeking reconsideration must brief the "new or different facts or circumstances" which were not shown previously "or what other grounds exist for the motion." Local Rule 78-230(k). This rule

is grounded on the principle that decisions on legal issues made in a case should be followed unless there is substantially different evidence or new controlling authority, or the party demonstrates that the court's prior decision was clearly erroneous and resulted in injustice. See Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985). A motion to reconsider is not a vehicle by which an unsuccessful party can "rehash" arguments or present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).

In this case, petitioners' motion for reconsideration merely rehashes allegations and arguments previously presented. The motion does not present different facts or circumstances that were not shown previously, and petitioners have failed to demonstrate that this court's order was clearly erroneous and resulted in injustice.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioners' July 16, 2007 request for reconsideration is denied; and

2. Petitioners' July 16, 2007 request for oral argument on the motion and the findings and recommendations is denied.

DATED: March 25, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT